KM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Vanjilis Garafolo, | ) | No. CV 1-08-1371-GMS |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| M. Carrasco, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Vanjilis Garafolo, who is confined in the California Correctional Institution in Tehachapi, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).  This case was reassigned to the undersigned judge on November 24, 2008. The Court will dismiss the Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

JDDL

1   before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

2   (*en banc*).

3       The Court should not, however, advise the litigant how to cure the defects.  This type

4   of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

5   Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

6   whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

7   will be dismissed with leave to amend because the Complaint may possibly be saved by

8   amendment.

9       Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement

10  of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be

11  simple, concise, and direct."  A complaint having the factual elements of a cause of action

12  scattered throughout the complaint and not organized into a "short and plain statement of the

13  claim" may be dismissed for failure to satisfy Rule 8(a).  See Sparling v. Hoffman Constr.

14  Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.

15  1996).  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state

16  claims in "numbered paragraphs, each limited as far as practicable to a single set of

17  circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each

18  claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

19  Fed. R. Civ. P. 10(b).  It is not the responsibility of the Court to review a rambling narrative

20  in an attempt to determine the number and nature of a plaintiff's claims.

21      Although Plaintiff has used a court-supplied form, the Court has reviewed Plaintiff's

22  Complaint and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of

23  Civil Procedure.  Plaintiff's Complaint is nothing more than a lengthy narrative.  The Court

24  cannot meaningfully review the Complaint, as required by 28 U.S.C. § 1915A(a).

25  Accordingly, the Court will dismiss the Complaint with leave to amend.

26  **II.    Leave to Amend**

27      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

28  comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Within 30 days,

1    Plaintiff may submit a first amended complaint on the form provided with this Order.  If

2    Plaintiff fails to use the form provided with this Order, the Court may strike the amended

3    complaint and dismiss this action without further notice to Plaintiff.

4          Plaintiff must clearly designate on the face of the document that it is the "First

5    Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety

6    on the form provided with this Order and may not incorporate any part of the original

7    Complaint by reference.

8          Plaintiff must comply with the instructions provided with the form.  Plaintiff should

9    pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

10    with the instructions provided with the form, the Court may strike the amended complaint

11    and dismiss this action without further notice to Plaintiff.

12          Among other requirements contained in the instructions, Plaintiff must provide

13    information in an amended complaint regarding the Court's jurisdiction and the defendants,

14    and he must **divide his lawsuit into separate counts**.  In each count, Plaintiff must identify

15    the federal constitutional civil right[1] allegedly violated, check the box for the issue most

16    closely involved, state how each defendant participated in the alleged violation at issue,

17    explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff

18    exhausted any available administrative remedies.  Plaintiff must repeat this process for each

19    civil rights claim.  **Plaintiff may allege only one claim per count**.

20

21

---

22    [1]To establish that he was denied meaningful access to the courts, a plaintiff must

23    submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions.  See Lewis v. Casey, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice

24    with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."   Id. at 348. To show actual injury with respect to

25    contemplated litigation, the plaintiff must demonstrate that the conduct of the defendants

26    prevented him from bringing to court a nonfrivolous claim that he wished to present. Id. at 352-53.  That nonfrivolous claim must be a direct or collateral attack on the inmate's

27    sentence, or a challenge to the conditions of his confinement. Id. at 355.  "Impairment of any

28    *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. (emphasis in original).

1    A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

2 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

3 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

4 nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original

5 complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d

6 565, 567 (9th Cir. 1987).

7 **III.    Motion for Appointment of Counsel**

8    On December 19, 2008, Plaintiff filed a Motion for Appointment of Counsel.  There

9 is no constitutional right to appointment of counsel in a civil case.  <u>See</u> <u>Ivey v. Board of</u>

10 <u>Regents of University of Alaska</u>, 673 F.2d 266 (9th Cir. 1982).  The appointment of counsel

11 in a civil rights case is required only when exceptional circumstances are present.  <u>Aldabe</u>

12 <u>v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328 (9th Cir.

13 1986).  "A finding of exceptional circumstances requires an evaluation of both 'the

14 likelihood of success on the merits [and] the ability of the petitioner to articulate his claims

15 *pro se* in light of the complexity of the legal issues involved.'"  <u>Wilborn</u>, 789 F.2d at 1331

16 (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court must review both

17 of these factors together in deciding whether or not to appoint counsel.  <u>Id.</u>

18    The Court has reviewed and evaluated the Complaint and finds this action presents

19 no "exceptional circumstances" requiring the appointment of counsel at this time.  Plaintiff

20 is in no different a position than other *pro se* litigations who have brought nearly identical

21 claims.  Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #10) will be

22 denied.

23 **IV.    Warnings**

24    **A.    Address Changes**

25    Plaintiff must file and serve a notice of a change of address in accordance with Rule

26 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

27 a motion for other relief with a notice of change of address.  Failure to comply may result in

28 dismissal of this action.

1   **B.     Copies**

2   Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

3   LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

4   notice to Plaintiff.

5   **C.     Possible Dismissal**

6   If Plaintiff fails to timely comply with every provision of this Order, including these

7   warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

8   1260-61 (a district court may dismiss an action for failure to comply with any order of the

9   Court).

10  **IT IS ORDERED:**

11  (1)     The Complaint (Doc. #1) is **dismissed** for failure to comply with Rules 8 and

12  10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order

13  is filed to file an amended complaint in compliance with this Order.

14  (2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

15  Court must, without further notice, enter a judgment of dismissal of this action with

16  prejudice.

17  (3)     Plaintiff's December 19, 2008 Motion for Appointment of Counsel (Doc. #10)

18  is **denied**.

19  (4)     The Clerk of Court must include with this Order a copy of this judge's required

20  form for filing a civil rights complaint by a prisoner.

21  DATED this 18th day of February, 2009.

22

23  _____
                       G. Murray Snow
24                United States District Judge

25

26

27

28